## Case No. 5,299.

### GEIER v. GOETINGER.

[1 Ban. & A. 553; [1] 7 O. G. 563.]

Circuit Court, S. D. Ohio. Oct. Term, 1874.

PATENTS—PRESUMPTION AS TO VALIDITY—CONSTRUCTION—NOVELTY.

1. The presumptions of the law are in favor of the patent and the utility of the invention.

[Cited in Allis v. Buckstaff, 13 Fed. 891.]

2. The patentee, in his specification, described his invention as consisting in rendering wooden bungs impervious to the passage of gases, or beer, or other liquor through the pores of the wood, by means of any suitable substance: and having pointed out the particular material which he regards as the most suitable for the purpose, his claim was for "a wooden bung, rendered impervious to the passage of fluids through the pores of the wood, by means of the described or other suitable substance:" *Held*, that the invention of the patentee consisted in a wooden bung, rendered impervious to the passage of gases, or beer, or other liquids.

3. Testimony of witnesses examined in a case as to alleged prior use by parties of whom no notice was given in the answer, can only be considered by the court, for the purpose of showing the state of the art at the time of the patentee's invention.

4. The same rule applies to printed publications, by which it is sought to anticipate the invention.

5. If it should appear that such testimony clearly established the invalidity of the patent, the court might grant the respondent leave to amend.

6. Letters patent granted to Philip Geier, February 23, 1869, for "improved method of rendering wooden bungs impervious to liquids and gases," *held* valid.

[This was a bill in equity by Philip Geier against August Goetinger for the alleged infringement of letters patent No. 87,163, granted to plaintiff February 23, 1869.]

[2] [From 3 Am. Law T. Rep. U. S. Cts. 143.]
[1] [Reported by Hubert A. Banning, Esq., and Henry Arden, Esq., and here reprinted by permission.]

Dunham & Foraker, for complainant.
Shouter & Smith, for defendant.

SWING, District Judge. In construing a patent, the court should look to the patent, specifications and drawings, to ascertain what is the thing claimed and patented. Pitts v. Whitman [Case No. 11,196]; Davoll v. Brown [Id. 3,662]; Hogg v. Emerson, 11 How. [52 U. S.] 606; Goodyear v. Railroad [Case No. 5,563]; Bell v. Daniels [Id. 1,247].

Applying this rule, what is the thing claimed and patented? The patent recites that Philip Geier alleges, that he has invented a "new and useful improved mode of rendering wooden bungs impervious to liquids and gases." In the schedule, the patentee says, he has invented a "new and useful improvement in wooden bungs," and says: "My invention consists in rendering wooden bungs impervious to the passage of gases, or beer or other liquor, through the pores of the wood, by means of any suitable substance." The drawing shows a bung with a coat of the impervious material. Then, the substance used, is described, as also its manner of application. The claim is, "a wooden bung rendered impervious to the passage of fluids through the pores of the wood. by means of the described or other suitable substance."

I think, from the patent, specifications and drawings, that the invention of the patentee consisted in a wooden bung rendered impervious to the passage of gases, or beer, or other liquids. This is the thing he has produced. This is the end he has accomplished, and a fair interpretation and application of the language used, cannot well bear any other construction. The patentee points out the method by which his invention is produced, and the material used, to wit, by the application of impervious material to the end of the wooden bung. He also describes the particular material, which he regards as most suitable, but claims the use of any suitable substance for accomplishing the result. The presumptions of the law are in favor of the patent and the utility of the invention; but, aside from that, the testimony establishes clearly the utility of the invention. The testimony shows, that many experiments had been made, prior to the complainant's invention, to produce such a thing; but they had failed to produce one adapted to the use for which they were designed. So far as the prior use of the respondent is concerned, the testimony does not show that his experiments were more successful than many others, for it shows that the bungs, which he manufactured, did not answer the purpose, and the use thereof was abandoned.

It is attempted to be shown in the testimony, however, that the invention had been used by other parties than those set up in answer; and it is also attempted to be

shown, that the invention had been described in printed publications. If the testimony clearly established either of these propositions, we might, perhaps, grant the respondent leave to amend; but they do not so clearly establish either point, as to warrant the court to permit such an amendment at the hearing of the case. Such testimony cannot, therefore, be considered by the court, except for the purpose of showing the state of the art at the time of complainant's invention, and such knowledge would in nowise affect the construction which I have given to the patent. If the pleadings properly raised the issue, I should not think the patent void, by reason of the claim being too broad.

The respondent, having admitted the manufacture of the invention of the complainant, by the use of substances which are within complainant's patent, is, therefore, guilty of an infringement; and, as no reference is desired, and the damage shown is but fifteen cents. a decree for an injunction will be granted, without costs.